CV 02-0196

**33rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ALLEN**

**STATE OF LOUISIANA**

C2002-020

NO.    JUDGE TRIMBLE    DIVISION " "    DOCKET NO. FAX Filed 1-10-02

JOHN ABRUSLEY SR.

MAGISTRATE JUDGE WILSON    VERSUS    A TRUE & CORRECT COPY OF ORIGINAL FILED: JAN 1 1 2002

MERCK & CO., INC. OBERLIN, LA   JAN 1 1 2002

Deputy Clerk of Court
ALLEN PARISH, LA

FILED: _____    · DEPUTY CLERK

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
JAN 3 1 2002
ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

## PETITION FOR DAMAGES

The petition of John Abrusley Sr., who is a person of full age of majority and who is domiciled in this Parish, respectfully represents that:

1.

Made defendants herein are the following:

A. Merck & Co., Inc. (Merck) is a corporation organized and existing under the laws of the State of New Jersey, and does business in all 50 states, including Louisiana. At all times material, Merck has been regularly engaged in the manufacturing, marketing, sale and distribution of the pharmaceutical Vioxx, which is then sold into interstate commerce in Louisiana, as well as throughout the United States.

B. John Doe who is a resident of this state and who, at all times relevant hereto, was employed as a detailman and/or salesman for defendant, Merck. The plaintiff will amend/supplement this petition with the specific information concerning this defendant as soon as such information is obtained in discovery.

2.

Plaintiff, John Abrusley Sr. is a resident of this Parish and began experiencing pain in his hip in the summer of this year. He went to see his doctor who gave him an injection of Risticar and gave him samples of Vioxx.

3.

The Vioxx was packaged in a blister pack which contained four 25 mg pills.

(1)

4.

Mr. Abrusley took the Vioxx as directed for approximately two to three weeks when he began to experience blood in his stool. After noticing the blood in his stool, he stopped taking the Vioxx.

5.

Several days later Mr. Abrusely went to play golf. He began to feel ill as he was beginning his round and decided to go back home.

6.

Mr. Abrusley returned his clubs to the clubhouse and went to his car where he began to change his shoes.

7.

While changing his shoes he had a stroke, fell over forward and was unable to move and/or get up. He was able to locate his cell phone and called 911.

8.

The paramedics came and transported Mr. Abrusely to Rapides Regional Hospital where he was treated for injuries that resulted from his fall which included a broken wrist.

9.

At Rapides Regional Hospital Mr. Abrusley underwent a MRI which confirmed that he had a stroke. The stroke has subsequently caused a numbness and/or loss of feeling in his left leg and has needed speech therapy.

10.

Mr. Abrusley has had two operations on his wrist and was forced to undergo extensive physical rehabilitation.

11.

The plaintiff's stroke and resulting injuries were the direct and proximate result his ingestion of the Vioxx. He was never warned of the hazardous and dangerous side affects of Vioxx.

12.

Vioxx (Refocoxib) is a Cox-2 inhibitor that is/was designed, created, manufactured, labeled, packaged and/or distributed by the defendants.

13.

Defendant, John Doe, is employed as a detailman and/or salesman for defendant, Merck. As a detailman and/or salesman, John Doe has a personal duty to truthfully represent the harmful side effects of the Vioxx.

14.

The defendant Merck employed detailmen such as defendant John Doe for the purposes of distributing product samples, delivering package inserts and to communicate warnings contained in the inserts to the doctors and/or medical facilities in this Parish.

15.

The defendant, John Doe breached his duty to the plaintiff by failing to disclose to the plaintiff and/or his physician of the hazardous and/or dangerous side effects of the Vioxx.

16.

At all times relevant hereto, defendants aggressively marketed and sold Vioxx by misleading potential users such as the plaintiff about the dangers cause by Vioxx, and by failing to protect users from the serious dangers that they knew or should have known to result from the use of Vioxx.

17.

The defendants widely and successfully marketed Vioxx in this Parish. The defendants undertook an advertising blitz extolling the virtues of Vioxx in order to induce widespread use of Vioxx. This marketing campaign consisted of advertisements, promotional literature to be placed in the offices of doctors and health care providers and other promotional materials to be provided by potential Vioxx users.

18.

This campaign also provided for the magazine, newspaper, and/or television advertisements that were published and/or distributed in this state and/or distributed in this parish. These advertisements and promotional materials made claims about the effectiveness, safety and superiority of Vioxx by itself and as compared to other pain relief drugs.

19.

The advertising program, as a whole, by affirmative misrepresentations and omissions, falsely and fraudulently sought to create the image and impression that the use of Vioxx was safe for human use, and had fewer side effects and adverse reactions than other methods of pain relief and

-3-

constituted a convenient, safe form of pain relief, that would not interfere with daily life.

20.

The defendants purposefully downplayed and understated the health hazards and risks associated with Vioxx. The defendants, through promotional literature, deceived potential users of Vioxx by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects. The defendants falsely and fraudulently kept relevant information from potential Vioxx users and minimized user and prescribe concern regarding the safety of the Vioxx.

21.

In particular, in the materials produced by the defendants, they falsely and fraudulently misrepresented a number of facts regarding Vioxx including the following:

1.) The presence of adequate testing of Vioxx;

2.) The presence of adequate testing of use of Vioxx in combination with other drugs such as Coumadin and/or Ace inhibitors.

3.) The severity, frequency and discomfort of side effects and adverse health effects caused by Vioxx.

22.

The product warnings were substantively and graphically inadequate to alert prescribing physicians and/or consumer patients of the actual risk of stroke and/or myocardial infarction associated with Vioxx which was then known to the defendants.

23.

Although the FDA approved Vioxx, the FDA communicated to Merck on September 17, 2001 that:

> "You have also engaged in promotional activities that minimize the Vioxx / Coumdain (warfarin) drug interaction, omit important risk information, make unsubstantiated superiority claims against other NSAIDs, and promote VIOXX for unapproved uses and an unapproved dosing regimen. In addition, in misrepresenting the Vioxx / warfarin drug interaction you also misrepresent Vioxx's safety profile by minimizing the potentially serious risk of significant bleeding that can result for using Vioxx and warfarin concomitantly."

> "Your minimizing these potential risks and misrepresenting the safety profile for Vioxx raise significant public health and safety concerns. Your misrepresentation of the safety profile for Vioxx is particularly troublesome because we have previously, in an untitled letter, objected to promotional materials for Vioxx that also misrepresented Vioxx's safety profile."

-4-

Count One

Strict Product Liability

(pursuant to LSA R.S. 9:2800.5 *et seq.*)

24.

Plaintiff incorporates by reference all of preceding paragraphs as if fully set forth herein and further alleges as follows:

25.

The defendants are manufacturers, distributors and/or suppliers of Vioxx.

26.

The Vioxx manufactured and/or supplied by the defendants was not accompanied by proper warnings regarding all possible adverse side effects associated with the use of Vioxx and the comparative severity and duration of such adverse effects; the warnings given did not accurately reflect the symptoms, scope or severity of the side effects.

27.

The defendants failed to perform adequate testing in that would have shown that Vioxx used individually and/or in combination with other drugs, possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made, both with respect to the use of Vioxx individually, and with respect to its use in combination with other drugs.

28.

The defendants also failed to effectively warn users that numerous other methods of pain relief such as ibuprofen and/or acetaminophen should have been their first line and/or their exclusive methods of pain relief.

29.

The Vioxx manufactured and/or supplied by defendants was defective due to inadequate post-marketing warnings or instructions because, after the defendants knew or should have known of the risk of injury from Vioxx they failed to provide adequate warnings to users or consumers of the Vioxx, and continued to aggressively promote the Vioxx.

30.

Mr. Abrusley sustained severe injuries as the producing cause and legal result of the defective condition of Vioxx as manufactured and/or supplied by the defendants, and as a direct and legal result of the negligence, carelessness, other wrongdoing and action(s) of the defendants described herein.

31.

The Plaintiff has required reasonable and necessary health care, attention and services, and has incurred medical, health, incidental and related expenses. He will in the future be required to obtain medical and/or hospital care, attention and services in an amount that is not yet ascertained.

**Count Two**

**Strict Product Liability**

32.

Plaintiff incorporates by reference all of the proceeding paragraphs as if fully set forth herein and further alleges as follows:

33.

The defendants are manufacturers and/or suppliers of Vioxx.

34.

The Vioxx manufactured and/or supplied by the defendants was defective in design or formulation, in that, when it left the hands of the manufacturers and/or suppliers, it was unreasonably dangerous, it was more dangerous than an ordinary customer would expect and more dangerous than other forms of pain relief.

35.

The Vioxx manufactured and/or supplied by the defendants was defective due to inadequate warnings or instruction because the defendants knew or should have known that the Vioxx created a risk of harm to consumers and the manufacturing defendants failed to adequately warn of said risks.

36.

The Vioxx manufactured and/or supplied by the defendants was defective due to inadequate warning and/or inadequate testing.

37.

The Vioxx manufactured and/or supplied by defendants was defective due to inadequate post-marketing warning or instruction because, after the defendants knew or should have known of the risk of injury from Vioxx it failed to provide adequate warning to users or consumers of the Vioxx and continued to promote the product.

38.

Mr. Abrusley has sustained severe injuries, as the producing cause or legal result of the defective condition of Vioxx as manufactured and/or supplied by the defendants, and as a direct and legal result of the negligence, carelessness, other wrongdoing and action(s) of the defendants described herein.

39.

The Plaintiff has required reasonable and necessary health care, attention and services and did incur medical, health, incidental and related expenses. These injuries will require him to obtain medical and/or hospital care, attention, and services in an amount that is not yet ascertained.

**Count Three**

**Breach of Express Warranty**

40.

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein, and further alleges as follows:

41.

The defendants expressly warranted that Vioxx was safe, well accepted, and would not present any severe side effects. These warranties induced the Plaintiff into taking the Vioxx.

42.

Vioxx did not conform to these express representations because Vioxx is not safe and has high levels of serious side effects, including life threatening side effects such as the stroke experienced by the plaintiff.

43.

Mr. Abrusley has sustained severe injuries as a direct and proximate result of the defendants' breach of these warranties.

## Count Four
### Breach of Implied Warranty

44.

Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein, and further alleges as follows:

45.

At the time, the defendants marketed, sold, and distributed Vioxx for use by the plaintiff, the defendants knew of the use for which Vioxx was intended and implied and warranted the product to be of merchantable quality and safe and fit for such use.

46.

The plaintiff reasonably relied upon the skill and judgment of the defendants, as to whether the Vioxx was a merchantable quality, and safe and fit for its intended use.

47.

Contrary to such implied warranties, Vioxx was not of merchantable quality, or safe or fit for its intended use, because this product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above.

## Count Five
### Negligence
### (pursuant to LSA-C.C. Article 2315)

48.

Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein, and further allege as follows:

49.

The defendants had a duty to exercise reasonable care in the manufacture, sale and/or distribution of Vioxx into the stream of commerce, including a duty to assure that the Vioxx did not cause users to suffer from unreasonable, dangerous side effects. The defendants failed to exercise ordinary care in the manufacture, sale, testing, quality control, and/or distribution of Vioxx into interstate commerce, in that the defendants knew or should have known that the product Vioxx created high risks of unreasonable, dangerous side effects, some of which, e.g., myocardial infarction and/or stroke could be fatal.

50.

The defendants were negligent in the design, manufacture, testing, advertising, warning, marketing and sale of Vioxx in that they:

    a.     Failed to use due care in designing and manufacturing Vioxx so as to avoid the aforementioned risks to individuals when they were using Vioxx alone or in combinations with other drugs;

    b.     Failed to accompany the Vioxx with proper warnings regarding all possible adverse side effects associated with its use and the comparative severity and duration of such adverse effects; the warnings given did not accurately reflect the symptoms or severity of the side effects;

    c.     Failed to conduct adequate pre-clinical testing and post-marketing surveillance to determine the safety of Vioxx is in use;

    d.     Failed to warn the plaintiff, prior to actively encouraging the sale of Vioxx orally, or in writing, about the following: (1) possibility of him becoming disabled as a result of the drug use; (2) the possibility of a heart attack and/or stroke; and (3) that these serious side effects could be fatal and/or require extensive therapy;

    e     Failed to adequately test and/or warn about the reaction or interaction of one or more of the component parts in Vioxx and other drugs when used concomitantly;

    f.     All other forms of negligence that are discovered during pendancy of this lawsuit and which will be established at the trial of this matter.

51.

Despite the fact that the defendants knew or should have known that Vioxx caused unreasonable, dangerous side effects which many users would be impotent to remedy by any means, the defendants continued to market Vioxx to consumers, including Mr. Abrusley, when there were safer alternative methods of pain relief.

52.

The defendants knew or should have known that consumers such as the plaintiff would foreseeably suffer injury as a result of the defendants failure to exercise ordinary care as described above.

53.

In addition to the aforementioned acts of negligence, plaintiff alleges that defendant, John Doe, owed a separate personal duty to warn the plaintiff of the dangerous effects of the use of Vioxx.

The defendant John Doe was delegated this personal duty through and by defendant, Merck. Defendant, John Doe, breached this duty, as described above and by failing to advise the plaintiff and/or the plaintiff's physician of the unreasonably dangerous side effects of Vioxx such as the stroke suffered by the plaintiff. The plaintiff was injured as a direct and proximate result of the defendant, John Doe's breach of such duty.

WHEREFORE, plaintiff, John Abrusley Sr., prays that there be a judgment in his favor and against the defendants, Merck & Co., Inc. and John Doe in an amount that will adequately compensate the plaintiff for his injuries, for all costs incurred in the prosecution of the matter, and for all legal interest from the date of judicial demand until paid.

Respectfully submitted,

The Andry Law Firm, LLC
JONATHAN B. ANDRY
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: 504-586-8899
Facsimile: 504-585-1788

By: _____
Jonathan B. Andry (#20081)
Attorney for Plaintiff

PLEASE SERVE:

MERCK & CO., INC.
through its agent for service of process
CT CORPORATION SYSTEM
8550 United Plaza Blvd.
Baton Rouge, LA 70809

JOHN DOE

-10-