

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

OCT 2 5 2002

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN ABRUSLEY, SR.** | : | **DOCKET NO. 2:02cv0196** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **MERCK & CO., INC.** | : | **MAGISTRATE JUDGE WILSON** |

### TRIAL FIXING

The jury trial of this matter is fixed for November 15, 2004, beginning at 9:00 A.M. before United States District Judge James T. Trimble, Jr. in Courtroom 1 of the United States Courthouse, 611 Broad Street, Lake Charles, Louisiana.

**The parties are cautioned that no motion for continuance will be granted absent a showing of good cause.** Neither the fact that the parties are not prepared for trial nor the fact that all parties agree to a continuance will be considered as constituting good cause.

THUS DONE AND SIGNED in chambers at Lake Charles, Louisiana, this 25th day of October, 2002.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 10-28-02
BY: DMW
TO: Andry
    McCall
    Cohen

COPY SENT:
DATE: 10/25/02
BY: PAM
TO: APW/BB
    JTT/RH
    JB





IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**************************

**Standing Order Governing Pretrial Procedure
in Civil Cases Assigned for Trial before
Judge Trimble or Magistrate Judge Wilson
Effective January 14, 2002**

The Court establishes the following rules for civil actions assigned to Judge James T. Trimble, Jr. or Magistrate Judge Alonzo P. Wilson for trial.

I.  In the absence of a specific order of court to the contrary, the following deadlines apply:

   A.  <u>Motions</u>: All dispositive motions must be filed no later than ninety (90) days prior to the trial date; untimely motions shall be referred to the merits and will be resolved on the evidence presented at trial. If the trial date is continued, the burden lies with the moving party to timely obtain an order refixing the motion for hearing at the Court's next regular motion day. Motions in limine shall be filed at least 30 days prior to trial unless leave of court is obtained based on a showing of <u>good</u> cause.

   B.  <u>Discovery</u>: The court will not compel discovery sought later than ninety (90) days prior to trial nor consider motions to compel or for a protective order filed later than sixty (60) days prior to trial.

   C.  <u>Physicians' Reports</u>: Reports of physicians' examinations must be furnished to opposing counsel no later than sixty (60) days before trial; if this deadline is not met, the physician concerned will not be permitted to testify at trial over objection.

   D.  <u>Other Expert Reports</u>: The plaintiff shall furnish the names and written reports of the experts that he intends to call at trial to opposing counsel no later than one hundred five (105) days before trial and the defendant shall furnish the names and written reports of the experts that he expects to call no later than seventy-five (75) days before the trial; if the deadline is not met, the expert witness concerned will not be permitted to testify at trial as an expert over objection.

   E.  <u>Surveillance Evidence</u>:

      1. A party must make a timely request for discovery of surveillance evidence. Timeliness means that this request must be made prior to the end of the discovery deadline. If no timely request is made, the evidence will not be excluded due to respondent's failure to comply with the following requirements.

      2. A party need not respond to the discovery requests for surveillance evidence and need not indicate whether there exists any such evidence until five (5) days prior to trial. On or before the deadline, if the respondent intends to offer surveillance evidence at trial, then he shall turn over to the requesting party all surveillance evidence depicting the same subject which is in respondent's possession or control. In that event, the respondent shall also identify the individual(s) who will be necessary to lay a proper foundation. Respondent's failure to comply with this section will result in the exclusion of the surveillance evidence, except for good cause shown.

      3. The respondent has the right to depose or redepose the individual who may have been

the subject of the surveillance prior to responding to the discovery request. This deposition shall be made upon reasonable notice to all parties, and shall be limited in scope to impeachment issues and updating any previous deposition.

4. If a timely request for discovery of surveillance evidence has been made as required by subsection (1) above, any party who intends to offer surveillance films or video tapes into evidence at trial shall meet with all other parties to edit the material and agree on the portions to be shown. If agreement cannot be reached, appropriate motions in limine shall be filed with the Clerk of Court and a copy delivered to the trial Judge's chambers no later than three (3) days before trial.

- F. **Pretrial Statements**: Each party must file a pretrial statement no later than seven (7) days prior to the pretrial conference if a pretrial conference has been requested, otherwise the pretrial statements will be due thirty (30) days before trial. The statements are to be submitted independently by each party, and need not be signed jointly by counsel for other parties unless the parties desire to set forth any joint stipulations prior to trial; forms may be obtained from the Clerk of Court in Lake Charles.

- G. **Witness Lists**: Each party must provide opposing counsel with a list of "may call" witnesses not later than 30 days before trial. A list of "will call" witnesses must be filed, and opposing counsel served with a copy, no later than ten (10) days before trial. A witness, other than a witness used exclusively for impeachment, not so listed will not be permitted to testify at trial over objection.

- H. **Exhibit Lists**: Each party must file a list of exhibits with the Clerk of Court in Lake Charles, Louisiana, and serve a copy on opposing counsel, no later than thirty (30) before trial; an exhibit not so listed will not be admitted into evidence at trial over objection; the Clerk will not accept exhibits before trial; exhibits will be accepted by the Clerk only when introduced in the normal course of trial. If copies of original documents are to be substituted for trial exhibits, the copies must be made available at the time the original is introduced as an exhibit.

- I. **Jury Charges/Verdict Form**: When a trial is to be held before a jury, counsel for all parties shall confer and prepare proposed joint jury instructions. If counsel are unable to agree as to any specific jury instruction, a separate proposal for such instruction may be submitted. If a separate proposal is submitted, it shall be supported by a memorandum of authorities. The joint and separate proposed jury instructions and verdict form shall be filed with the Clerk of Court and a copy shall be provided to Judge Trimble or Judge Wilson at least seven (7) calendar days in advance of the date on which the jury trial is scheduled. A copy on computer disk shall also provided to Chambers.

- J. **Exhibits in Jury Trials**: In a civil case counsel will provide 10 copies of all exhibits so that the Court, the Clerk, and each juror will have a copy.

II  Conferences:

- A. **Pretrial Conferences**: Pretrial Conferences will not be routinely scheduled. If there are foreseeable evidentiary or other problems which would make a pretrial conference desirable, please contact Judge Trimble's or Judge Wilson's office within sixty (60) days prior to the trial date so that a pretrial conference can be scheduled. If no pretrial conference is requested, the pretrial statements referred to in this Standing Order will be due no later than thirty (30) days prior to trial. You may call the Judge's Office at any time to determine your place on the docket. It is suggested that you do so at least the Thursday prior to the scheduled trial date by which time a docket should be ascertained.

- B. <u>Settlement Conferences</u>: In Judge Trimble's cases if a settlement conference would be helpful, please contact Magistrate Judge Alonzo P. Wilson, 611 Broad Street, Suite 209, Lake Charles, Louisiana 70601 - (337) 437-3874. In Judge Wilson's cases contact Judge Trimble, 611 Broad Street, Suite 237, Lake Charles, Louisiana 70601 - (337) 437-3884.

III. <u>Continuances</u>:

- A. <u>Trial Date</u>: The continuance of the trial date automatically relieves the parties from the effect of the deadlines set forth in Rule I. That is, the date on which the case was set for trial before the continuance will no longer serve as the reference date for applying the deadlines. When the continued case is again set for trial, the Rule I deadlines will be figured from the new trial date. Note that duplicates of papers submitted previously in compliance with Rule I subparagraphs (A) through (I) for a (subsequently continued) trial date need not be resubmitted for the new trial date unless the party wishes to supplement or amend those papers. Yet, any such supplements or amendments must be submitted in accordance with the deadlines applicable for the new trial date under Rule I.

- B. <u>Pretrial Conference</u>: The continuance of the trial date automatically upsets the pretrial conference date, if one has been set. Such requested pretrial conference will be rescheduled at the time the trial of the matter is rescheduled at the request of counsel.

IV <u>Filing Instructions</u>:

All materials submitted for filing in record should be sent directly to the Clerk of Court's office in Shreveport, Louisiana, unless expedited consideration is necessary. Where expedited consideration is required, the original motion or other paper should be sent directly to the Court. A courtesy copy of all motions, supporting memoranda, pretrial statements, proposed jury instructions, trial memoranda, and proposed findings and conclusions should be sent directly to the Court within the time limits for filing of the original paper.

V. The deadlines set forth in this Standing Order will be extended only on good cause shown and exceptions will be granted only in the interest of justice.

VI. The Clerk of Court shall attach a copy of this Standing Order to the Scheduling Conference Order sent to counsel or *pro se* litigants in each case.

VII. <u>Procedure in Selecting Juries</u>:

Eight (8) jurors will be selected from the venire to serve. The judge will conduct the initial voir dire after which he will accept suggested questions from counsel via a bench conference. Counsel will be allowed ten (10) minutes per side (may be modified in complex cases) to personally conduct voir dire. Challenges for cause will be made at a bench conference. A venire of fourteen (14) will be submitted for peremptory challenges after challenges for cause. Challenges will be exercised out of the presence of jury during a recess. The first eight (8) prospective jurors whose names are called and are not challenged will constitute the jury.

VIII. The provisions of this Standing Order shall supersede all previously issued Scheduling Orders for Judge Trimble and Judge Wilson.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of January, 2002.

_____  
ALONZO P. WILSON  
UNITED STATES MAGISTRATE JUDGE

_____  
JAMES T. TRIMBLE, JR.  
UNITED STATES DISTRICT JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
**FILED**

AUG 1 8 1994

ROBERT H. SHEMWELL, CLERK
BY_____
                    DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

_____  :  CIVIL ACTION

**VERSUS**                   :  NUMBER

_____  .  JUDGE TRIMBLE

## PRETRIAL STATEMENT

FILING INSTRUCTIONS:

1. TO BE SUBMITTED NOT LESS THAN THIRTY (30) DAYS BEFORE TRIAL.
2. MAIL ORIGINAL DIRECTLY TO HONORABLE ROBERT H. SHEMWELL, CLERK OF COURT, 300 FANNIN STREET, SUITE 1167, SHREVEPORT, LA 71101-3083, WITH A COPY TO JUDGE JAMES T. TRIMBLE, JR., 611 BROAD STREET, SUITE 237, LAKE CHARLES, LOUISIANA 70601.

Counsel for _____ submits the following Pretrial Statement to the Court and opposing counsel.

1. <u>Jurisdiction</u> (Counsel for plaintiff should state the basis for the Court's jurisdiction. If any party questions the jurisdiction of the Court, the jurisdictional question and a brief recitation of supporting authority should be set forth here.):

2. <u>Additional Pleadings</u> (List any additional pleadings that you intend to file prior to trial.):

3. <u>Pending Motions</u> (List any pending motions and set forth the status of each.):

4. <u>Brief Summary of Case</u> by _____ (Each party should set forth a brief summary of his case.):

5. Issues of Fact  (Each party should here list the principal, factual issues in this case.)

6. Issues of Law  (Each party should here make a brief statement of the legal issues that he will present to the Court at trial and the legal authority for his position.):

7. List of Witnesses, except impeachment witnesses but including rebuttal witnesses, with their addresses.  The parties shall divide their witnesses into "will call" and "may call" witnesses.  Any party listing a person on his "will call" list shall bear the responsibility of producing that witness at trial.  At trial, should any party fail to call any witness on his "will call" list, any other party may call that person as his own witness, even if he did not list the person on his witness list.

WILL CALL WITNESSES:

MAY CALL WITNESSES:

8. Exhibits (Each party should list the exhibits which he intends to introduce.  All exhibits so listed shall be made available to all counsel who shall examine and make known any objections to authenticity or admissibility fourteen (14) days prior to the commencement of trial.  Any exhibits not listed may not be offered unless by agreement of counsel or for good cause shown.):

9. Depositions  (List all depositions which may be offered in whole or in part.  If in part, state the part which will be offered by page and line numbers.  Opposing counsel shall make known any objections fourteen (14) days prior to the commencement of trial.):

2

10. <u>Stipulations</u>  (State any stipulations that have already been agreed to by counsel.):

11. <u>Probable Length of Trial</u>: _____ days.

12. <u>Other Matters</u>  (List any other matters which counsel believes should be brought to the attention of the Court or opposing counsel.

Date:_____          _____
                                              (Type Name)

                              Attorney for _____
                                              (Name of Party)

**COMPLIANCE WITH THIS PRETRIAL STATEMENT IS MANDATORY AND FAILURE TO SO COMPLY MAY RESULT IN APPROPRIATE SANCTIONS BY THE COURT.**

                              _____
                              JAMES T. TRIMBLE, JR.
                              UNITED STATES DISTRICT JUDGE

3

## CERTIFICATE

I HEREBY CERTIFY that I am the chief trial attorney and that I have mailed or delivered a copy of this Pretrial Statement to the attorneys listed below not less than thirty (30) days prior to the date that this case is fixed for trial.

_____

_____, Louisiana

this \_\_\_\_ day of _____, 199\_\_.


_____
(Type Name)

Attorney for_____
(Name of Party)

4