U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JAN - 8 2003

ROBERT H. SHEMWELL, CLERK
BY DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN ABRUSLEY, SR., Plaintiff, | : | CIVIL ACTION NO. CV 02-0196 |
| vs. | : | JUDGE TRIMBLE |
| MERCK & CO., INC., et al, Defendants. | : | MAGISTRATE JUDGE WILSON |

**MOTION OF MERCK & CO., INC. FOR LEAVE TO SUBSTITUTE THE ORIGINAL SIGNATURE FOR SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The motion of Defendant, MERCK & CO., INC. ("Merck"), through undersigned local counsel, seeks an Order from this Court allowing Merck to file the attached original signature for the December 19, 2002, Supplemental Declaration of Dr. Michael A. Wienir that was submitted with Merck's reply brief filed December 20, 2002 in support of Merck's Motion for Summary Judgment filed on October 24, 2002, for the following reasons:

1.

On December 20, 2002, Merck filed its Reply Memorandum In Support of Merck's Motion for Summary Judgment in these proceedings.

2.

On that date, Merck filed the December 19, 2002 Supplemental Declaration of Dr. Michael A. Wienir, a board-certified neurologist and clinical neurophysiologist, in support of Merck's Motion for Summary Judgment. The Declaration of Dr. Wienir contained a facsimile copy of Dr. Wienir's signature.

3.

The signature page for the Supplemental Declaration of Dr. Wienir, containing the original signature of Dr. Wienir, is attached hereto as Exhibit A and is submitted for filing in this proceeding.

4.

Pursuant to LR 7.4.1W, counsel for Merck certifies that he has spoken by telephone on January 7, 2003 with opposing counsel, Jonathan Andry, who has no objection to the proposed substitution.

WHEREFORE, defendant, MERCK & CO., INC., prays that an Order be granted allowing Merck to file and substitute the attached original signature page for the December 19, 2002 Supplemental Declaration of Dr. Michael A. Wienir submitted in support of Merck & Co., Inc.'s Motion for Summary Judgment filed on October 24, 2002.

Respectfully submitted,

WILLIAM T. McCALL (Bar Roll #9231)
GUILLORY & McCALL, L.L.C.
P.O. Box 1607
Lake Charles, LA 70602
Telephone: (337) 433-9996
Facsimile: (337) 433-9937

NORMAN C. KLEINBERG
THEODORE V. H. MAYER
ROBB W. PATRYK
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000

Attorneys for Defendant, MERCK & CO., INC.

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
01/08/03
ROBERT H. SHEMWELL, CLERK
BY [signature]
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN ABRUSLEY, SR., | : | |
| Plaintiff, | : | CIVIL ACTION NO. CV 02-0196 |
| vs. | : | JUDGE TRIMBLE |
| MERCK & CO., INC., et al, | : | MAGISTRATE JUDGE WILSON |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUBSTITUTE THE ORIGINAL SIGNATURE FOR SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, MERCK & CO., INC. ("Merck"), by its undersigned local counsel, respectfully submits the following Memorandum in Support of its Motion for Leave to Substitute the Original Signature For Supplemental Declaration In Support of Motion for Summary Judgment. This memorandum is submitted out of an abundance of caution although LR 7.4.1W does not require a supporting memorandum for a motion to amend a pleading.

The December 19, 2002 Supplemental Declaration of Dr. Michael A. Wienir, filed in support of Merck's Motion for Summary Judgment, contained a facsimile signature of Dr. Wienir. Merck simply seeks leave of Court to file the original signature of Dr. Wienir for his Supplemental Declaration.

Merck counsel certifies that he has contacted opposing counsel, Jonathan Andry, by telephone on January 7, 2003 and ascertained that opposing counsel has no objection to the proposed

Motion.

MERCK & CO., INC., prays that an Order be granted allowing Merck leave to file and substitute into the record the original signature of Dr. Wienir for his December 19, 2002 Supplemental Declaration submitted in support of Merck & Co., Inc.'s Motion for Summary Judgment filed on October 24, 2002.

Respectfully submitted,

WILLIAM T. McCALL (Bar Roll #9231)
GUILLORY & McCALL, L.L.C.
P.O. Box 1607
Lake Charles, LA 70602
Telephone: (337) 433-9996
Facsimile: (337) 433-9937

NORMAN C. KLEINBERG
THEODORE V. H. MAYER
ROBB W. PATRYK
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000

Attorneys for Defendant, MERCK & CO., INC.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Leave to Substitute, Memorandum in Support and Proposed Order has this day been forwarded to opposing counsel, Jonathan Andry, via facsimile and by depositing same in the United States mail, postage prepaid and properly addressed, on this 8 day of January, 2003.

WILLIAM T. McCALL

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RECEIVED
IN LAKE CHARLES, LA
JAN - 8 2003
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN ABRUSLEY, SR., | : | |
| Plaintiff, | : | CIVIL ACTION NO. CV 02-0196 |
| vs. | : | JUDGE TRIMBLE |
| MERCK & CO., INC., et al, | : | MAGISTRATE JUDGE WILSON |
| Defendants. | : | |

**ORDER**

Considering the foregoing Motion:

IT IS HEREBY ORDERED that Defendant, MERCK & CO., INC., be and is hereby granted leave to file and substitute into the record the original signature for the December 19, 2002 Supplemental Declaration of Dr. Michael A. Wienir submitted in support of Merck & Co., Inc.'s Motion for Summary Judgment filed on October 24, 2002.

SIGNED at Lake Charles, Louisiana, this _________ day of _________________, 2003.

_________________________________
THE HONORABLE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

67

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN ABRUSLEY, SR., Plaintiff, | CIVIL ACTION NO: CV 02-0196 |
| vs. | JUDGE TRIMBLE |
| MERCK & CO., INC., et al., Defendants. | MAGISTRATE JUDGE WILSON |

**SUPPLEMENTAL DECLARATION OF DR. MICHAEL A. WIENIR, M.D. IN SUPPORT OF MERCK & CO., INC.'S MOTION FOR SUMMARY JUDGMENT**

DR. MICHAEL A. WIENIR, M.D., under penalty of perjury, declares:

1. I have been retained as an expert witness on behalf of Merck & Co., Inc. ("Merck"). I provided a summary of my qualifications in my prior declaration and incorporate that summary by reference herein. I make this supplemental declaration in support of Merck's motion for summary judgment.

2. In addition to the review I conducted in connection with my initial opinion in this matter, I have reviewed the declaration of Myers, which Plaintiff John Abrusley submitted in support of his opposition to Merck's motion for summary judgment.

3. Myers concludes that VIOXX® caused a small elevation in Abrusley's blood pressure which in turn caused him to have a stroke. I have concluded that Myers' opinions are not reliable for the reasons set forth below.

4. First, Myers is unqualified to determine the cause of Abrusley's stroke. Diagnosis is part of the training received by physicians and requires years of careful study to learn to be able to differentiate among the various signs and symptoms patients exhibit. Myers is a pharmacologist, not a physician, and has not indicated that he has any experience or training in the diagnosis of hemorrhagic strokes.

5. Second, Myers fails to eliminate the other possible causes of Abrusley's stroke. My own opinion that VIOXX® was not the most likely cause of Abrusley's stroke was based on a differential diagnosis after a careful review of all of Abrusley's medical records. In my original declaration, I listed a number of risk factors that Abrusley had for hemorrhagic stroke including undiagnosed diabetes, obesity, cardiovascular disease, elevated cholesterol levels, family history of stroke, and alcohol consumption. Myers does not dispute or eliminate any of these risk factors. In fact, he lists several risk factors, such as Abrusley's long term smoking. (Myers Opinion ¶ 1.) Myers fails to explain why other risk factors could not account independently for John Abrusley's stroke.

6. Third, Myers points to no medical evidence that Abrusley's blood pressure went up while he was on VIOXX®. I have reviewed all of Abrusley's medical records and there is no such record of an increase in Abrusley's blood pressure while on VIOXX®. After July 30, 2001, when Abrusley claims he began taking VIOXX® until August 19, 2001, the date of his stroke, there are no blood pressure readings. Abrusley's blood pressure readings on August 19, 2001, do not accurately reflect his pre-stroke blood pressure because a hemorrhagic stroke causes a dramatic increase in blood pressure.

7. Fourth, the sole basis for Myers' opinion that VIOXX® caused John Abrusley's stroke is his assumption that the stroke occurred two to three days after John Abrusley last ingested VIOXX®. (Myers Opinion, ¶ 8.) However, it is improper for a physician to diagnose the cause of an

event simply on the basis of the fact that one event followed the other. In fact, Myers points to no evidence that VIOXX® would still have an effect on the body two to three days after it was discontinued.

8. In any event, Myers has his facts wrong. In fact, the medical records demonstrate that John Abrusley last took VIOXX® on August 3, *sixteen days* prior to his stroke not the two to three day period Meyers suggests. (A true and correct copy of John Abrusley's medical record from August 3, 2001 is attached as Exhibit 1.) According to his medical records, Dr. Lirette told John Abrusley to "continue" on VIOXX® on July 30, 2001. (A true and correct copy of John Abrusley's medical record dictated by Dr. Alicia B. Lirette on July 30, 2001 is attached as Exhibit 2.) Abrusley's medical records indicate that he tested positive for blood in his stool on August 3, 2001. (Exhibit 1.) On that date, Dr. Lirette directed him not to take VIOXX® until further advised by his physician. (Exhibit 1.) According to Abrusley, Dr. Lirette told him to discontinue taking VIOXX® because "the VIOXX® could have possibly caused the bleeding." (Abrusley Affidavit, ¶ 7.) The medical records also show that he tested negative for blood in his stool on August 6, 2001, and that he had no further medical appointments between August 6, 2001, and August 19, 2001, the day of the stroke. There is no record that he was ever told to start taking VIOXX® again after his physician told him to stop taking it on August 3, 2001.

9. One last point deserves discussion. In paragraph 13 of his declaration, Myers state that VIOXX® has been shown to increase blood pressure significantly for patients on ACE inhibitors. This is a red herring. The last time Abrusley was on an ACE inhibitor was December 22, 1999. (A true and correct copy of John Abrusley's medical records dated December 22, 1999 is attached as Exhibit 3.) According to his medical records, he was on Hyzaar at the time of his stroke. (Exhibit 2.) Hyzaar is not an ACE inhibitor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Tarzana, California, on December 19 2002.

DR. MICHAEL A. WIENIR, M.D.

**GUILLORY & McCALL, L.L.C.**

ATTORNEYS AND COUNSELORS AT LAW
POST OFFICE DRAWER 1607
LAKE CHARLES, LOUISIANA 70602

ROBERT E. GUILLORY, JR.
WILLIAM T McCALL
DRURY B. CUNNINGHAM

901 LAKESHORE DRIVE
SUITE 1030
LAKE CHARLES, LA 70601
TELEPHONE· (337) 433-9996
FACSIMILE. (337) 433-9937

January 8, 2003

**HAND-FILED IN LAKE CHARLES DIVISION**

The Honorable Robert H. Shemwell
Clerk of Court, United States District Court
Western District of Louisiana
Lake Charles Division
300 Fannin Street, Suite 1167
Shreveport, LA 71101-3083

RECEIVED IN LAKE CHARLES, LA
JAN - 8 2002
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

RE: John Abrusley, Sr.
Vs. Merck & Co., Inc., et al

Civil Action No. CV02-0196
United States District Court
Western District of Louisiana – Lake Charles Division

Dear Clerk:

On behalf of defendant, Merck & Co., Inc. ("Merck"), enclosed please find:

1.) Motion of Merck For Leave to Substitute the Original Signature for Supplemental Declaration of Michael A. Wiener in Support of Motion for Summary Judgment with attached Exhibit A;

2.) Merck's Memorandum In Support of Motion; and

3.) Proposed Order.

Please file the original into the suit record and date-stamp the extra copy of this transmittal letter and motion papers and return to our runner. A copy of these motion papers have this day been forwarded to opposing counsel, Jonathan Andry, by facsimile and U. S. mail. A copy of these motion papers have also been forwarded this day to Judge Trimble and Magistrate Judge Wilson.

Pursuant to Local Rule 7.4.1W, I certify that I have spoken by telephone on January 7, 2003 with opposing counsel, Jonathan Andry, who has no objection to the proposed Motion for Leave to Substitute.

Yours truly,

WILLIAM T. McCALL

WTM:at
Enclosures

| cc/encls: | Jonathan Andry | VIA U.S. MAIL and FAX: (504) 586-8911 |
| --- | --- | --- |
| | The Honorable Alonzo P. Wilson | VIA HAND-DELIVERY |
| | The Honorable James T. Trimble | VIA HAND-DELIVERY |