U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JAN 2 2 2003

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN ABRUSLEY, SR.,** | : | DOCKET NO. 2:02-CV-196 |
| VS. | : | JUDGE TRIMBLE |
| **MERCK & CO., INC., et al.,** | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment brought by the Defendant, Merck & Co., Inc., (the "Defendant"), [doc 52], and further supported by the Defendant's Reply Memorandum, [doc 65]. The Motion is Opposed by the Plaintiff John Abrusley, Sr., (the "Plaintiff"), [doc 61]. The Defendant has also filed Objections to, and Motion to Strike, Evidence Submitted in Opposition to [the Defendant's] Motion for Summary Judgment, [doc 66]. For the following reasons, the Defendant's Motion for Summary Judgment will be GRANTED, and the Defendant's Objections to, and Motion to Strike, the Plaintiff's Evidence will be DENIED as moot.

## BACKGROUND

The Defendant manufactures VIOXX®, a prescription medication. The Plaintiff alleges that he suffered a stroke as a result of his ingestion of VIOXX®.

## SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the



affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, and answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 274 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing the existence of a genuine issue for trial. Anderson v. Liberty Lobby, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202, 217 (1986); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825, 113 S. Ct. 82, 121 L. Ed. 2d 46 (1992). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. Celotex, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. The Supreme Court has noted that summary judgment may be appropriate "to secure the just, speedy, and inexpensive determination" of a matter. Celotex, 477 U.S. at 327, 106 S. Ct. at 2555, 91 L. Ed. 2d at 276. Consistent with the concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252, 106 S. Ct. at 2512, 91 L. Ed. 2d at 214.

## LAW AND ANALYSIS

The Plaintiff's complaint contains two claims for strict product liability, one claim

2

for negligence, one claim for breach of implied warranty, and one claim for breach of express warranty.

A.  **STRICT PRODUCT LIABILITY, NEGLIGENCE, AND BREACH OF IMPLIED WARRANTY**

Both parties agree that Louisiana law applies to this case. In Louisiana, the Louisiana Products Liability Law ("LPLA") provides the exclusive remedy against manufacturers for damages caused by their products. La. R.S. § 9:2800.52 (2002) ("A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter.") The LPLA sets forth only four theories of liability: (a) defective construction or composition; (b) defective design; (c) failure to warn; and (d) failure to conform to an express warranty. La. R.S. § 9:2800.54(B) (2002).

Accordingly, the LPLA requires dismissal of the Plaintiff's claims for strict product liability, negligence and breach of implied warranty. See, e.g., Grenier v. Med. Eng'g Corp., 99 F. Supp. 2d 759, 763 (W.D. La. 2000), aff'd 243 F. 3d 200 (5th Cir. 2001) (dismissing strict liability, negligence and implied warranty claims where they were inconsistent with the exclusive causes of action set forth in the LPLA); Ingram v. Bayer Corp., 2002 WL 1163613, at *2 (E.D. La. May 30, 2002) (holding that plaintiff's products liability claims "are limited to those expressly available under the LPLA"); Jefferson v. Lead Indus. Ass'n, 930 F. Supp. 241, 245 (E.D. La. 1996) ("[N]either negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer"); Lee v. Bayer Corp., 2002 U.S. Dist. LEXIS 9653, at *4-5 (E.D. La. May 24, 2002) ("[C]ourts routinely dismiss claims against manufacturers that do not arise under the LPLA").

The Plaintiff tries to circumvent the LPLA by arguing "that it would be more

3

appropriate for this Court to define Mr. Abrusley's claims in the form of jury instructions at the trial of this matter as opposed to in the beginning of the case with discovery in its infancy." (Mem. in Opp'n to [the Plaintiff's] Mot. for Summ. J., p. 3.) But such an approach is without merit. As the cases above indicate, courts routinely grant summary judgment or dismiss the claims when the claims fall outside the four theories outlined in the LPLA.

Because the LPLA bars these claims, there is no genuine issue of material fact regarding these claims. Therefore, the Defendant's Motion for Summary Judgment will be GRANTED for the claims of strict product liability, negligence, and breach of implied warranty.

**B.    Breach of Express Warranty**

The Plaintiff claims that the Defendant breached an express warranty regarding VIOXX®. However, the Defendant asserts in its Statement of Uncontested Facts that it "did not make any express warranties to Mr. Abrusley against his stroke." (Statement of Uncontested Facts, ¶ 9.) The Plaintiff neither disputes this fact in his Statement of Contested Facts, nor presents any evidence of such a warranty. In fact, the Plaintiff does not even address the warranty issue in his Opposition to the Motion for Summary Judgment. Accordingly, the Defendant is entitled to summary judgment on the Plaintiff's express warranty claim. See, e.g., Tauzier v. Dodge, 1998 U.S. Dist. LEXIS 6424, at *19 (E.D. La. May 5, 1998) (granting summary judgment where plaintiff provided no evidence that any express warranty had been made by the defendant).

Because there is no evidence that the Defendant ever made an express warranty to the Plaintiff against his stroke, there is no genuine issue as to any material fact. Therefore, the Defendant's Motion for Summary Judgment will be GRANTED on the claim for breach of express

warranty.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion for Summary Judgment will be GRANTED. This Court need not consider the Defendant's remaining arguments. The Defendant's Objections to, and Motion to Strike, Evidence Submitted in Opposition to [the Defendant's] Motion for Summary Judgment, will be DENIED, as moot.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of January, 2003.

COPY SENT:
DATE: 1/22/03
BY: AP
TO: Andry
    McCall
    Cohen
    JTT,RH
    JB

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

5