

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

FEB 0 5 2003

ROBERT H. SHEMWELL, CLERK
BY_____
                        DEPUTY

| | |
|---|---|
| **JOHN ABRUSLEY, SR.** | **CASE NO. CV02-0196** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **MERCK & CO., INC.** | **MAGISTRATE JUDGE WILSON** |

### MOTION FOR CLARIFICATION AND/OR NEW TRIAL

**NOW INTO COURT,** through undersigned counsel comes plaintiff, John Abrusley, Sr., who, for the reasons more fully assigned in the attached memorandum requests that this Court clarify and/or grant him a new trial from this Court's Memorandum and Ruling of January 22, 2003.

Respectfully Submitted:
Jonathan B. Andry
**THE ANDRY LAW FIRM, L.L.C.**
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504)586-8933

By:_____
    Jonathan B. Andry, Esq. (LSBA # 20081)



U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

FEB 0 5 2003

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN ABRUSLEY, SR. | CASE NO. CV02-0196 |
| VERSUS | JUDGE TRIMBLE |
| MERCK & CO., INC. | MAGISTRATE JUDGE WILSON |

MEMORANDUM IN SUPPORT OF
MOTION FOR CLARIFICATION AND/OR NEW TRIAL

On January 22, 2002, this Court rendered its Memorandum Ruling wherein this Court granted Merck & Co., Inc.'s (Merck) Summary Judgment on the plaintiff's claims that fall outside of the purview of the Louisiana Products Liability Act (LPLA). *La. Rev. St.* 9:2800.5 *et seq.* (*See* this Court's Memorandum Ruling, January 22, 2003, exhibit 1). This Court's Memorandum Ruling, did not address the plaintiff's claims under the LPLA. Consequently, plaintiff requests clarification and/or a new trial as to the status of his LPLA claims.

Mr. Abrusley originally filed this case in the Thirty-Third Judicial District Court for the Parish of Allen, State of Louisiana. He brought suit against Merck & Co., Inc. and John Doe. Against Merck, Mr. Abrusley outlined five specific causes of action. The first cause of action was strict products liability pursuant to 9:2800.5, *et seq.*, the second was strict products liability, the third was breach of express warranty, the fourth was breach of implied warranty, and the fifth was negligence pursuant to Louisiana Code Article 2315 (*see* plaintiff's Petition, exhibit 1).

A claim for relief, under Federal Rule of Civil Procedure 8(a), must contain a short and plain statement, sufficient to give the defendant notice of what the claim is and the grounds which upon it rests. *Conely v. Gibson,* 355 U.S. 41, 48, 2 L. Ed. 2d 80, 78, S.Ct. 99 (1957). The Federal Rules of Civil Procedure reject the approach that pleading is a game of skill. The

purpose of pleading is to facilitate a proper decision on the merits. *Id. at p. 48.* The plaintiff only needs to allege sufficient facts to put the defendant on notice of the theories on which the complaint is based. *Welborn v. Sears Roebuck & Co.,* 970 F2d 1420 (5th Cir. 1992).

Mr. Abrusley's Petition is replete with factual allegations pertaining to the defective nature of the product, the defective nature of the warnings of the design of the product. (*See* plaintiff's Petition, January 22, 2003, exhibit 2 at ¶'s 1a, 11, 12, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 37, and 38). Indeed, the plaintiff specifically brought a claim pursuant to 9:2800.5 *et. seq.* which is the LPLA. Those allegations specifically provided:

**24.**

Plaintiff incorporates by reference all of preceding paragraphs as if fully set forth herein and further alleges as follows:

**25.**

The defendants are manufacturers, distributors and/or suppliers of Vioxx.

**26.**

The Vioxx manufactured and/or supplied by the defendants was not accompanied by proper warnings regarding all possible adverse side effects associated with the use of Vioxx and the comparative severity and duration of such adverse effects; the warnings given did not accurately reflect the symptoms, scope or severity of the side effects.

**27.**

The defendants failed to perform adequate testing in that would have shown that Vioxx used individually and/or in combination with other drugs, possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made, both with respect to the use of Vioxx individually, and with respect to its use in combination with other drugs.

**28.**

The defendants also failed to effectively warn users that numerous other methods of pain relief such as ibuprofen and/or acetaminophen should have been their first line and/or their exclusive methods of pain relief.

**29.**

The Vioxx manufactured and/or supplied by defendants was defective due to inadequate post-marketing warnings or instructions because, after the defendants knew or should have known of the risk of injury from Vioxx they failed to provide adequate warnings to users or consumers of the Vioxx, and continued to aggressively promote the Vioxx.

**30.**

Mr. Abrusley sustained severe injuries as the producing cause and legal result of the defective condition of Vioxx as manufactured and/or supplied by the defendants, and as a direct and legal result of the negligence, carelessness, other wrongdoing and action(s) of the defendants described herein.

**31.**

The Plaintiff has required reasonable and necessary health care, attention and services, and has incurred medical, health, incidental and related expenses. He will in the future be required to obtain medical and/or hospital care, attention and services in an amount that is not yet ascertained.

The plaintiff's Petition clearly stated a cause of action under the LPLA. The sufficiency of plaintiffs allegations is evidenced by Merck's Motion for Summary Judgment wherein it specifically contended, "Second, each of Mr. Abrusley's LPLA claims (ie. failure to warn, design defeat and breach of express warranty) is meritless, because he cannot prove that Vioxx® caused his stroke. (*See* Merck's Memorandum in Support of Motion for Summary Judgment at p. 1.) Accordingly, Merck received sufficient notice that Mr. Abrusley in fact made claims under LPLA regarding the defective nature of VIOXX.

In this Court's Memorandum Ruling of January 22, 2003, this Court indicated that it was dismissing all of the plaintiffs complaints and causes of actions that were outside of the purview

of the LPLA. This Court specifically noted "because the LPLA bars these claims, there is no genuine issue of material fact regarding these claims. Therefore, the defendant's Motion for Summary Judgment will be GRANTED for the claims of strict products liability, negligence, and breach of implied warranty." (See this Court's Memorandum Ruling, January 22, 2003, exhibit 1, at p. 4). Plaintiff submits that since this Court's Memorandum and Ruling applies to Mr. Abrusley's causes of action that were outside of the purview of the LPLA, one must conclude that this Court has not ruled on the plaintiffs claims under the LPLA. Consequently, plaintiff requests that this Court clarify and/or grant him a new trial pertaining to his causes of action which were properly plead and which arise under the LPLA.

Respectfully Submitted:
Jonathan B. Andry
**THE ANDRY LAW FIRM, L.L.C.**
610 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 586-8899
Facsimile: (504)586-8933

By:_____
Jonathan B. Andry, Esq.(LSBA # 20081)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via facsimile, by hand and/or by placing same in the United States Mail, postage prepaid, this 4th day of February, 2003.

_____
**JONATHAN B. ANDRY, ESQ.**

4

RECEIVED

FEB 0 5 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JOHN ABRUSLEY, SR.** | **CASE NO. CV02-0196** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **MERCK & CO., INC.** | **MAGISTRATE JUDGE WILSON** |

### NOTICE OF HEARING

Please take notice that plaintiff's Motion for Clarification and/or New Trial, shall be brought for hearing before this Honorable Court on the ____ day of _____, 2003.

_____
**JUDGE**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

NOTICE OF DOCUMENTATION NOT FILED IN RECORD

CASE# 2:02cv196

John Abrusley, Sr.

VS.

Merck & Co., Inc.

ATTACHMENTS TO:

DOCUMENT#:   71

DESCRIPTION: Motion for Clarification and/or New Trial

FILED BY:    John Abrusley, Sr.

FILE DATE:   2/5/03

HAVE BEEN PLACED IN AN ACCORDIAN FOLDER

Corey Whidden
_____
DEPUTY CLERK



GILBERT V. ANDRY, IV†
JONATHAN B. ANDRY*

HENRY J. COOK, III*

†Also admitted in Colorado & Texas
*LLM in Energy and Environmental Law
*Admitted in Mississippi

TOLL FREE 1.800.536.8899

CHALMETTE 504.276.8899

BELLE CHASSE 504.366.8899

610 BARONNE STREET   |   NEW ORLEANS   |   LOUISIANA 70113   |   TELEPHONE 504.586.8899   |   FAX 504.586.8911

RECEIVED
FEB 05 2003
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

February 04, 2003

Clerk of Court
United States District Court
Western District of Louisiana
800 Lafayette Street, Suite 2100
Lafayette, Louisiana 70501

      Re: *John Abrusley, Sr. v. Merck & Company, Inc., et al*
        *USDC - Western District, Lake Charles Division*
        *Civil Action No. CV02-0196*

Dear Sir/Madam:

  Enclosed please find one original and two copies of our Motion for Clarification and/or New Trial, which we request you file into the record of the above captioned matter and return a conformed copy to our office in the enclosed self addressed stamped envelope.

  Thank you for your assistance and courtesies.

           Yours very truly,

           Jonathan B. Andry, Esq.

JBA/das
Enclosure
cc: All Counsel

2304 19TH STREET   |   SUITE 202-NORTH COURT ONE   |   GULFPORT   |   MISSISSIPPI 39501   |   TELEPHONE 228.354.8899   |   FAX 228.864.2929